

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

Judiciary Center
555 Fourth St., N W
Washington, D C  20530

October 4, 2007

**FILED**

**OCT  5 2007**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Tony Miles, Esq.
Federal Public Defender
625 Indiana Ave., N.W.
Suite 550
Washington, D.C.  20004

Re:    *United States v. Jerome M. Carter*, CR 07-215 (RBW)

Dear Mr. Miles:

This letter sets forth the full and complete plea offer to your client, Jerome M. Carter, from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office").  This plea offer will expire on October 5, 2007.  If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below.  Upon receipt of the executed document, this letter will become the Plea Agreement.  The terms of the offer are as follows:

**Charges and Statutory Penalties**

Your client agrees to plead guilty to a criminal Information, a copy of which is attached, charging him with five counts of violating 18 U.S.C. §2113(a), Bank Robbery, in connection with the robbery of the Wachovia Bank located at 1150 K St., N.W., Washington, D.C., on June 18, 2007; the robbery of the United Bank located at 1875 I St., N.W., Washington, D.C., on June 29, 2007; the robbery of the Wachovia Bank located at 1100 Connecticut Ave., N.W., Washington, D.C., on July 11, 2007; the robbery of the Citibank located at 1749 ½ Columbia Rd., N.W., Washington, D.C., on July 16, 2007; and the robbery of the SunTrust Bank located at 965 L'Enfant Plaza, S.W., Washington, D.C., on July 23, 2007.

Your client understands that pursuant to 18 U.S.C. §§2113(a), 3571(b)(3) and 3583(b)(2), Bank Robbery carries a maximum sentence of not more than 20 years imprisonment, a fine of not more than $250,000, or both, and a period of supervised release of not more than three years.  In addition, your client agrees to pay a special assessment of $500 to the Clerk of the United States

2

District Court. See 18 U.S.C. §3013. Your client also understands that the Court must order your client to pay restitution in the amount of $2713 to Wachovia Bank, $1070 to United Bank, $2880 to Citibank, and $11,261 to SunTrust Bank. See 18 U.S.C. §3663A(a)(1). In addition, your client agrees, pursuant to 18 U.S.C. §3663A(a)(3), to pay restitution in the amount of $1943 to BB&T Bank and $805 to Chevy Chase Bank, and additional restitution in the amount of $1895 to Wachovia Bank. Your client also agrees to the attached Consent Order of Forfeiture, which includes forfeiture of a vehicle, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). Your client further understands that, pursuant to §5E1.2 of the United States Sentencing Guidelines, the Court also may impose a fine sufficient to pay the federal government the costs of any imprisonment.

In consideration of your client's plea to the above offenses, your client will not be prosecuted criminally by this Office for the robbery of the BB&T Bank located at 614 H St., N.W., Washington, D.C., on February 2, 2007; the robbery of the Wachovia Bank located at 1150 K St., N.W., Washington, D.C., on January 10, 2007; the robbery of the Chevy Chase Bank located at 901 New York Ave., N.W., Washington, D.C., on January 25, 2007; and the attempted robbery of the Adams National Bank located at 802 7th St., N.W., Washington, D.C., on February 26, 2007. In addition, at the time of sentencing, the Government will move to dismiss the Indictment pending in this case. Finally, as soon as practicable after sentencing, the Government will move to dismiss your client's pending Shoplifting charge in the Superior Court for the District of Columbia, Case No. 2007-CMD-12965. Your client agrees that with respect to any and all dismissed charges your client is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

### Detention Pending Sentencing

Your client agrees not to object to the Government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. §3143, your client be detained without bond pending your client's sentencing in this case.

### Factual Stipulations

Your client agrees that the attached "Statement of the Offense" fairly and accurately describes your client's actions and involvement in the offenses to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

### Sentencing Guidelines

Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (hereinafter "Sentencing Guidelines" or "U.S.S.G"). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following. However, nothing in this agreement is to be read as precluding either party from

3

<u>arguing for or against the applicability of any other specific offense characteristic and/or adjustment to the defendant's base offense level that is not specifically referenced in the agreement.</u>

### A.  **Offense Level under the Guidelines**

The parties agree that the Guideline applicable to the offenses to which your client is pleading guilty is §2B3.1. The parties agree that the applicable base offense level for each offense is 20 under §2B3.1(a). Your client agrees that a 2-level increase, under §2B3.1(b)(1), shall be applied to each offense because the property of a financial institution was taken. The parties further agree that a 3-level increase, under §2B3.1(b)(2)(E), shall be applied to the offenses that occurred at the Wachovia Banks and United Bank, because a dangerous weapon was brandished or possessed. See U.S.S.G. §1B1.1, comment. (n.1(C) & (D)). The parties further agree that a 2-level increase, under §2B3.1(b)(2)(F), shall be applied to the offenses that occurred at the Citibank and SunTrust Bank, because a threat of death was made. See, U.S.S.G. §2B3.1, comment. (n.6); <u>U.S. v. Jennings</u>, 439 F.3d 604 (9th Cir. 2006) (citing cases). Finally, the parties agree that a 1-level increase, under §2B3.1(b)(7)(B), shall be applied to the offense that occurred at the SunTrust Bank, because the loss exceeded more than $10,000. Accordingly, the parties agree that the defendant's adjusted offense level for each offense is as follows:

| | |
|---|---|
| 6/18/07 Robbery of the Wachovia Bank | 20 (base) + 2 (financial institution) + 3 (dangerous weapon brandished or possessed) = 25 |
| 6/29/07 Robbery of the United Bank | 20 (base) + 2 (financial institution) + 3 (dangerous weapon brandished or possessed) = 25 |
| 7/11/07 Robbery of the Wachovia Bank | 20 (base) + 2 (financial institution) + 3 (dangerous weapon brandished or possessed) = 25 |
| 7/16/07 Robbery of the Citibank | 20 (base) + 2 (financial institution) + 2 (threat of death) = 24 |
| 7/23/07 Robbery of the SunTrust Bank | 20 (base) + 2 (financial institution) + 2 (threat of death) + 1 (loss in excess of $10,000) = 25 |

### B.  **Adjustment for Acceptance of Responsibility**

If your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution and subsequent conduct prior to the imposition of sentence, the Government agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G. §3E1.1(a). Furthermore, if your client has accepted responsibility as described in the previous sentence and your client's base offense level is 16 or greater, the Government agrees that an

4

additional 1-level reduction would be appropriate, pursuant to U.S.S.G. §3E1.1(b), because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

### C.        Guideline Departures

The parties agree that under the Sentencing Guidelines neither a downward nor an upward departure from the applicable Guidelines Range is warranted. Accordingly, neither party will seek such a departure not set forth herein. Nor will either party suggest that the Court consider such a departure.

### Agreement as to Sentencing Allocution

The parties further agree that a sentence within the applicable Guidelines range established by the Sentencing Guidelines, if determined in accordance with the parties' stipulations in this Agreement, would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a). In addition, neither party will seek a sentence outside of the applicable Guidelines range or suggest that the Court consider a sentence outside that Guidelines range. Moreover, the Government agrees to allocute for a sentence of not more than 130 months imprisonment, or the low end of the applicable Guidelines range, whichever is greater. Nothing in this Agreement limits the right of the Defendant to make any arguments regarding where within the applicable Guidelines range the Defendant should be sentenced.

Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. §3E1.1, and/or imposition of an adjustment for obstruction of justice, *see* U.S.S.G. §3C1.1, regardless of any stipulation set forth above, should your client move to withdraw your client's guilty plea after it is entered, or should it be determined that your client has either (I) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) engaged in additional criminal conduct after signing this Agreement.

In addition, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under §5K1.1 of the Sentencing Guidelines, 18 U.S.C. §3553(e), or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

5

### Court Not Bound by the Plea Agreement

It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B), the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in 18 U.S.C. §3553(a), the parties reserve the right to answer any related inquiries from the Court.

### Court Not Bound by the Non-Mandatory Sentencing Guidelines

It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offenses authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range.

### Forfeiture

Your client agrees to criminal forfeiture of one black 1999 Chevrolet Tahoe, VIN # 1GNEK13R7XJ446304, which he agrees is property traceable to proceeds obtained directly or indirectly as a result of the robbery of the SunTrust Bank on July 23, 2007, in violation of 18 U.S.C. § 2113(a). Your client agrees that the above-described vehicle is subject to forfeiture, pursuant to 28 U.S.C. § 2461(c)'s incorporation of 18 U.S.C. § 981(a)(1)(C) (incorporating 18 U.S.C. § 1956(c)), as property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of bank robbery, in violation of 18 U.S.C. § 2113(a). In order to effectuate the forfeiture, your client agrees to the entry of a Consent Order of Forfeiture under Fed. R. Crim. P. 32.2(b)(2), a copy of which is attached. Your client agrees that, notwithstanding how such asset may have been titled, he owns and exercises dominion and control over the vehicle listed in the Consent Order.

Further, your client acknowledges and agrees that the government reserves its right to bring a civil action, if necessary, in any jurisdiction for the forfeiture of any of his assets, real or personal, that are subject to forfeiture pursuant to any federal statute. Your client agrees that prior to or at the time of the sentencing, if required, he will provide a full and complete accounting of all assets, real or tangible, held by him, or in any other name for his benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

Your client further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out

6

in accordance with this Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Your client agrees to take all steps as requested by the Government to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.

Your client understands that the forfeiting agency is not obligated to sell the above-described vehicle and instead may choose at its discretion to place the vehicle into official use. In that event, your client understands that no proceeds will be derived from the vehicle. However, in the event that the forfeiting agency chooses to sell the vehicle, and in the further event that any proceeds of that sale ultimately are distributed to SunTrust Bank or to any other victim of your client's offenses to whom restitution is ordered, the Government agrees that the amount of any proceeds distributed to such victim will be deducted from the total amount of restitution due that victim.

**Breach of Agreement**

Your client understands and agrees that if, after entering this Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

Your client understands and agrees that the Government shall only be required to prove a breach of this Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government

7

reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

### Waiver of Statute of Limitations

It is further agreed that should the convictions following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

### Waiver of Right to DNA Testing

By entering this plea of guilty, your client waives any and all right your client may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of the Government. Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

### Complete Agreement

No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

8

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely,

*/s/ Jeffrey A. Taylor*
JEFFREY A. TAYLOR
United States Attorney

By: */s/ Angela Schmidt*
ANGELA G. SCHMIDT
Assistant United States Attorney

9

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorney, Tony Miles, Esquire. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offenses identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: 10-5-07

JEROME M. CARTER
Defendant


## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 10/5/07

TONY MILES, ESQUIRE
Attorney for Jerome M. Carter