UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL NO. 07-215 (RBW) |
| : | |
| JEROME MARSHALL CARTER, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following sentencing recommendation and reasons in support of such recommendation:

1. On October 5, 2007, the defendant pleaded guilty to five counts of Bank Robbery, in violation of 18 U.S. Code §2113(a). Pursuant to the plea agreement, the defendant agreed not to seek a downward departure for any reason from the applicable Guidelines range established by the Sentencing Guidelines, and the government agreed not to oppose a sentence of incarceration at the low end of the applicable Guidelines range or 130 months, whichever is greater. *See* Plea Agreement, filed October 5, 2007, at p.4. The Presentence Investigation Report has determined the applicable Guidelines range to be 120 to 150 months imprisonment; accordingly, the government requests that the Court sentence the defendant to 130 months imprisonment.

Facts

2. On five occasions between June 18, 2007, and July 23, 2007, the defendant walked into various banks in Washington, D.C., verbally demanded money from a teller and warned that he had a gun. On three of those occasions, the defendant emphasized his demand by pointing an object, which was covered with a newspaper or cloth, at the teller. The defendant also twice warned that

he was willing to shoot. The defendant obtained a total of $17,924 from those robberies.

3. The defendant committed three additional bank robberies and one attempted bank robbery in the District of Columbia between January 10, 2007, and February 26, 2007. On three of those occasions, the defendant emphasized his verbal demand for money either by stating that he had a gun or by warning the teller not to make him shoot anybody. The defendant also displayed all or part of what each teller said was a gun. On the fourth occasion, the defendant displayed what two tellers described as a silver, metallic object. In consideration of the defendant's guilty plea, the government has agreed not to bring any charges in connection with these robberies. *See* Plea Agreement at p. 2. However, the defendant has agreed to pay restitution to those banks in the total amount of $4,643. *Id.*

## Acceptance of Responsibility

4. The government agrees that the defendant should receive an additional one point adjustment for acceptance of responsibility pursuant to §3E1.1(b) of the Sentencing Guidelines. *See* Plea Agreement at pp. 3-4.

## Sentencing Recommendation

5. The Supreme Court in *United States v. Booker*, 543 U.S. 220 (2005), ruled that the Sentencing Guidelines are advisory rather than mandatory. However, the Court made clear that in determining the appropriate sentence for a defendant, federal courts still are required to calculate and consider the applicable Guidelines range, refer to the pertinent Sentencing Commission policy statements, and bear in mind the need to avoid unwarranted sentencing disparities and to provide restitution to victims. *Id.* at 259-60. Moreover, in determining an appropriate sentence for the defendant, federal courts also must continue to consider the need for the sentence imposed to

accomplish the following sentencing objectives: (1) reflect the seriousness of the offense; (2) promote respect for the law; (3) provide just punishment; (4) afford adequate deterrence; (5) protect the public; and (6) effectively provide the defendant with needed educational or vocational training and medical care. *Id.* at 260; *see also* 18 U.S.C. § 3553(a)(2).

6. Arguably, the applicable Sentencing Guidelines range is the most important factor the Court can consider in sentencing the defendant in this case because this range is calculated based upon the Sentencing Commission's careful consideration of all of the factors the Supreme Court and Congress have directed courts to consider in sentencing defendants. Indeed, the Supreme Court recently held that Courts of Appeal "may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines," thus validating the D.C. Circuit's practice of doing so. *United States v. Rita*, ___ U.S. ___, 127 S.Ct. 2456, 2462 (2007). *See also, United States v. Dorcely*, 454 F.3d 366, 376 (D.C. Cir. 2006) ("We agree with our sister circuits that a sentence within a properly calculated Guidelines range is entitled to a rebuttable presumption of reasonableness.") The applicable Guidelines range in this case reflects an intensive objective analysis of sentences imposed on defendants similarly situated to defendant and is a critical tool to avoid unwarranted sentencing disparities. According to the Presentence Investigation Report, the defendant has an adjusted offense level of 26 and a criminal history category of VI, resulting in a Guidelines range of 120 to 150 months. The government's requested sentence of 130 months imprisonment is within this range.

7. Turning specifically to the § 3553(a) factors, the defendant's violent offenses unquestionably are serious and for that reason alone, warrant a lengthy sentence of incarceration. In each instance, the defendant, directly or by implication, threatened to use deadly force to obtain

his demand for money. The defendant accosted the victims at work and thus robbed them not just of the bank's money, but more importantly, of their security in a place where they must come every day to earn a living.

8. The other § 3553(a) factors also support a lengthy sentence of incarceration in this case. As this Court well knows, substance abusers such as the defendant wreak havoc not only on their own lives; they also cause despair among family members who suffer alongside them and plague society with their lost potential and the costs of their criminal conduct. The defendant's addiction to narcotics has borne all of these consequences. His personal relationships are in shambles, and he never has maintained steady employment. His recent effort to address his addiction unfortunately was a failure. As the Presentence Investigation Report reflects, the offenses in the instant cases are only the latest examples of this 58 year-old defendant's lifelong history of stealing to support himself and his addiction. However, these offenses are his first convictions for violent felonies and thus reflect an alarming escalation of the defendant's desperate efforts to fuel his addiction. As the defendant has proven himself to be unable or unwilling to discontinue his drug use and to abide by the law, and now is resorting to violence to obtain his ends, a lengthy sentence of incarceration appears to be the only alternative available to the Court at this point to protect the public from the defendant and to send him a clear message that his continued criminal conduct will not be tolerated. A sentence of 130 months imprisonment therefore not only is consistent with the Sentencing Guidelines and Congress's goal of ensuring uniformity in sentencing, but also is entirely appropriate and necessary to satisfy Congress's other stated sentencing objectives.

WHEREFORE, the United States respectfully requests that the Court impose a sentence of 130 months imprisonment in this case.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

By: _____/s/_____
ANGELA G. SCHMIDT
Assistant United States Attorney
Texas Bar No. 17764980
Federal Major Crimes Section
555 4th Street, N.W., 4th Floor
Washington, D.C. 20530
(202) 514-7273
Angela. Schmidt@usdoj.gov