**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | **CRIMINAL NO. 07-215 (RBW)** |
| : | |
| **JEROME CARTER** : | |
| : | |
| **Defendant.** : | |

**MEMORANDUM IN AID OF SENTENCING**

Defendant Jerome Carter, through counsel, respectfully submits the following Memorandum in aid of his sentencing.

1.   On January 16, 2008, Jerome Carter will come before this Court to be sentenced pursuant to his guilty plea to Bank Robbery, in violation of 18 U.S.C § 2113(a). According to the Pre-Sentence Report (PSR) prepared by the United States Probation Office, Mr. Carter's Total Offense Level is 26 and his Criminal History Category is VI under the United States Sentencing Guidelines (U.S.S.G.). According the PSR, Mr. Carter's U.S.S.G. range is 120-150 months. While Mr. Carter agrees with the PSR writer's calculations with regard to Mr. Carter's Offense Level, the defense disagrees with the PSR writer's assessment that Mr. Carter falls in Criminal History Category VI. Rather, based on the evidence presented to the defense, Mr. Carter asserts that his correct Criminal History Category is Category V and that his correct sentencing guideline range is 110-137 months.

2.   Due largely to Mr. Carter's background and the petty nature of his criminal history, counsel for Mr. Carter argues that a sentence of 110 months is an appropriate resolution of this case.

**ARGUMENT**

I.   **THE POST-BOOKER SENTENCING FRAMEWORK.**

Under Justice Breyer's majority opinion in Booker, the "district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing. See 18 U.S.C. § 3553(a)(4)." United States v. Booker, 125 S.Ct. 738 (2005). While holding that district courts should still consider the Guideline calculations and ranges for sentencing purposes, the remedial majority in Booker held that courts must consider all the purposes of sentencing set forth in 18 U.S.C. § 3553(a). Pursuant to Booker, therefore, courts must treat the Guidelines as one, among several, sentencing factor.

Pursuant to 18 U.S.C. §§ 3562 and 3553(a) – which were explicitly endorsed by the Supreme Court in Booker – sentencing courts should consider the need for the sentence imposed:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances

of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged.

Pursuant to 18 U.S.C. § 3661, also expressly endorsed by the Booker majority:

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

Section 3582 of Title 18 states that:

> [t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

Taken together, the directives of Booker, as well as Sections 3553, 3661, and 3582 of Title 18, make it clear that sentencing courts may no longer consider the Guidelines alone in determining the appropriate sentence. After Booker, courts need not justify sentences outside the guideline range by citing factors that take the case outside the "heartland." Rather, as long as the sentence imposed is reasonable and supported by the factors outlined in Section 3553, courts may exercise their discretion in individual cases and impose sentences which are not within the proposed guideline range.

**II.    CRIMINAL HISTORY ISSUES.**

    **A.    No Criminal History Points Should Be Assessed in Cases Where Insufficient Evidence Has Been Presented in Order to Support the Existence of an Alleged Conviction**.

According to the PSR, Mr. Carter has been convicted of several offenses which are not listed

in Mr. Carter's Pre-Trial Services Report. The alleged convictions not contained in the PSR are: 1) Theft Less than $300 - Maryland Case #0E00062027 (¶ 96); 2) Trespass - Maryland Case #5E0060632 (¶ 97); 3) Theft Less than $300 - Maryland Case #4E00067176 (¶ 98); 4) Theft Less than $300 & Trespass - Maryland Case #1E00103643 (¶ 100); 5) Theft Less than $300 - Maryland Case #4D00082233 (¶ 102); 6) Theft Less than $300 - Maryland Case #3D00091430 (¶ 104); and 7) Theft Less than $100 - Maryland Case #CA051741J (¶ 106).

Undoubtedly, the government bears the burden of "proving any facts that may be relevant to sentencing." United States v. Price, 409 F.3d 436, 444 (D.C. Cir. 2005). Because these seven alleged convictions do not appear in the Pre-Trial Services report and there is insufficient evidence in the current record to prove the existence of the alleged convictions, the government has failed to meet its burden with regard to these seven alleged convictions. Since the PSR allotted seven criminal history points for the seven disputed alleged convictions, Mr. Carter's criminal history score must be reduced by seven points.

> **B.  Because There is Insufficient Evidence that Mr. Carter Received a Sentence of at Least Sixty Days in District of Columbia Superior Court Case 1998 CMD 4308, Mr. Carter was Improperly Assessed Two Criminal History Points.**

The PSR applies two criminal history points to Mr. Carter's criminal history score due to a 1998 Bail Act Violation conviction.[1] The PSR indicates that Mr. Carter received a sentence of time served for this conviction and there is no information concerning the specific length of Mr. Carter's sentence. Without sufficient evidence that Mr. Carter received a sentence of incarceration of at least sixty days, the Bail Act Violation conviction must be assessed one criminal history point rather than

---

[1] This conviction relates to District of Columbia Superior Court case 1998 CMD 4308 and is listed in paragraph 99 of the PSR.

two points.  See U.S.S.G. § 4A1.1.

    C.    **Even if Sufficient Evidence is Produced to Support the Existence of a Conviction in Maryland Case CA051741J, The Application of a Criminal History Point to This Alleged Conviction is Improper Based on the Rules Set Forth in U.S.S.G. § 4A1.1(c)**.

If the information contained in the PSR is true, Mr. Carter received a twenty days sentence due to his alleged conviction for Theft Less than $100 in Maryland case CA051741J.  Because the alleged sentence in this case was less than sixty days, Mr. Carter would normally be assessed a criminal history point.  However, because Mr. Carter has already received one criminal history point pursuant to U.S.S.G. § 4A1.1(c) for four other convictions,[2] he cannot receive a criminal history point for this fifth conviction under U.S.S.G. §4A1.1(c).  See U.S.S.G. 4A1.1(c).

**III.   A SENTENCE OF 110 MONTHS IS THE MOST REASONABLE SENTENCE IN THIS CASE.**

    A.    **Background**.

At the time Mr. Carter committed the instant offenses, he was homeless and suffering from problems with substance abuse.  Mr. Carter has been homeless for about the past ten years.  PSR, ¶ 137.  In fact, when Mr. Carter was arrested for the instant offenses he was located at a homeless shelter in the District of Columbia.  Id..  Mr. Carter has also suffered from a long term addiction to drugs and alcohol.  Although Mr. Carter has been using alcohol and drugs for decades, his use of these substances has increased significantly during the past few years.  In about 2002, Mr. Carter began drinking alcohol daily.  PSR, ¶ 143.  In the 1990s, Mr. Carter abused crack cocaine a couple of times per week and eventually began abusing this drug daily.  PSR, ¶ 144.  During the year proceeding his arrest, Mr. Carter was abusing alcohol and crack cocaine daily.  PSR, ¶ 145.  To Mr.

---

[2] See paragraphs 99 (after adjustment based on defendant's objection), 101, 102 and 104.

5

Carter's credit, he participated in a substance abuse program in 2006 and he appreciated the assistance he received from the program. PSR, ¶ 146. Mr. Carter presently recognizes that he desperately needs drug treatment and he wants to receive such treatment as soon as possible.

When reviewing Mr. Carter's criminal history, it is a sad history which is typical of individuals with substance abuse problems. Mr. Carter's criminal history indicates that he is a nonviolent person who does not intend to inflict much harm on the community. His prior convictions are primarily for such petty offenses as theft and shoplifting. Significantly, Mr. Carter has no felony prior convictions for crimes of violence or drug offenses. Additionally, Mr. Carter's conduct in the homeless shelter in which he resided[3] and his early willingness to accept responsibility in the instant case, demonstrate that he is a decent person who can benefit from treatment and proper guidance.

C.  **18 U.S.C. § 3553(a) Factors**.

A sentence of 110 months will more than adequately reflect the seriousness of Mr. Carter's conduct. See 18 U.S.C. § 3553(a)(2)(A). In committing the instant offenses, Mr. Carter never injured anyone and he seriously regrets having participated in the crimes involved in this case. Mr. Carter has accepted responsibility for his conduct and he is determined to live a productive and law abiding life in the future. Therefore, 110 months is a sentence which will adequately reflect the seriousness of Mr. Carter's offense. For these same reasons, a sentence of 110 months is also consistent with promoting respect for the law and with providing just punishment for the offense. See 18 U.S.C. § 3553(a)(2)(A).

---

[3] The homeless shelter where Mr. Carter resided at the time of arrest advised the PSR writer that Mr. Carter "caused no problems during his stay." PSR, ¶ 137.

A sentence of 110 months will provide ample deterrence for Mr. Carter and anyone else who may consider committing a similar crime. See 18 U.S.C. § 3553(a)(2)(B). Considering that a sentence of 110 months will remove Mr. Carter from the community for long period of time, such a sentence is certainly punitive enough to provide sufficient deterrence. Further, because it is anticipated that Mr. Carter will be required to be on supervision for some specified period after the service of his sentence, Mr. Carter's obligations to the court will continue even after he serves his sentence and he will be subject to further incarceration if he violates any condition of his supervision.

Since Mr. Carter will serve his sentence in a federal prison, it practically guaranteed that he will receive some type of much needed substance abuse treatment. Mr. Carter will surely be afforded an opportunity to follow up with aftercare treatment during his period of supervised release. This treatment will certainly steer Mr. Carter away from a future life of crime. Therefore, a sentence of 110 months is more than necessary in order to serve the purpose of adequately protecting the community from any further crimes on the part of Mr. Carter. 18 U.S.C. § 3553(a)(2)(C).

**C.     Conclusion**.

For the reasons discussed above, any sentence more than 110 months will be greater than necessary to satisfy the statutory purposes of sentencing. See 18 U.S.C. § 3553(a). A sentence of 110 months is a just and fair sentence in this case. Therefore, a sentence of110 months is the most reasonable resolution of this matter.

Respectfully submitted,
A.J. Kramer
Federal Public Defender


/s/
———————————————
Tony W. Miles
Assistant Federal Public Defenders
625 Indiana Avenue, N.W.
Washington, D.C. 20004
(202) 208-7500