HONORABLE REGGIE B. WALTON, UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Docket No.: <u>CR-07-215-01</u> |
| vs. | : | SSN: _____ |
| CARTER, Jerome | : | Disclosure Date: <u>December 17, 2007</u> |

**FILED**

JAN 1 6 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## RECEIPT AND ACKNOWLEDGMENT OF PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:

### For the Government
(CHECK APPROPRIATE BOX)

( ) There are no material/factual inaccuracies therein.
(X) There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_Angela Schmidt_       1/2/08
Prosecuting Attorney        Date

### For the Defendant
(CHECK APPROPRIATE BOX)

( ) There are no material/factual inaccuracies therein.
( ) There are material/factual inaccuracies in the PSI report as set forth in the attachment.

_____        _____
Defendant        Date        Defense Counsel        Date

### NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32(f)(2), those executing this form shall first submit any material inaccuracies or disputes in writing by <u>December 31, 2007</u>, to U.S. Probation Officer <u>Kathie J. McGill</u>, telephone number <u>(202) 565-1421</u>, fax number <u>(202) 273-0242</u>.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

FOR THE COURT

By:  Gennine A. Hagar, Chief
United States Probation Officer

## GOVERNMENT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

Paragraph 14: No money was obtained by defendant during the attempted robbery of the Adams National Bank, thus no restitution is owed that bank. The total amount of restitution owed is $22,567.

Paragraph 88: This conviction should be assessed 3 criminal history points under USSG §4A1.1(a).

Paragraph 97: This conviction should not be assessed any criminal history points since it occurred more than ten years after the commission of the first of the instant offenses on June 18, 2007. The January and February 2007 bank robberies are not considered relevant conduct under USSG §1B1.3(a)(2).

Paragraph 98: For the reasons explained as to paragraph 97, this conviction also should not be assessed any criminal history points.

Paragraph 106: This conviction should be assessed 1 criminal history point under USSG §4A1.1(c) in light of the deduction of one criminal history point for the conviction in paragraph 97.

Paragraph 108: The defendant's criminal convictions result in a subtotal criminal history score of 18.

Paragraph 109: No criminal history points should be assessed under USSG §4A1.1(d) since the January and February 2007 bank robberies are not considered relevant conduct under USSG §1B1.3(a)(2) and thus defendant was not on probation when te first of the instant offenses was committed on June 18, 2007.

Paragraph 110: The total of the criminal history points is 18.

Paragraph 159: The January and February 2007 bank robberies are not considered relevant conduct under USSG §1B1.3(a)(2). However, even if they were considered relevant conduct, they would *not* have provided for a higher offense level had they been specifically charged. See USSG §3D1.4.

Paragraph 175: See paragraph 14.

**FEDERAL PUBLIC DEFENDER**
DISTRICT OF COLUMBIA
SUITE 550
625 INDIANA AVENUE, N.W.
WASHINGTON, DC 20004

A. J. KRAMER
*Federal Public Defender*

Telephone (202) 208-7500
FAX (202) 208-7515

January 9, 2008

**BY FAX (202) 273-0193**

Ms. Kathie McGill
United States Probation Officer
3rd & Constitution Ave., N.W.
Washington, D.C. 20001

Re: <u>United States v. Jerome Carter</u>, Cr. No. 07-215

Ms. McGill:

  Attached is the signed Receipt and Acknowledgment. The defense has found that the following factual/material inaccuracies exist in the pre-sentence report regarding the above mentioned case:

  -On page 1, and on page 4, ¶ 6, the Presentence Report (PSR) should note that Mr. Carter was arrested on July 29, 2007 (see last paragraph in factual proffer).

  -On page 3, ¶ 4, the first sentence should indicate that the parties agreed to consider a sentence within the applicable guideline range to be "reasonable" if the guideline range is determined in accordance with the stipulations in the plea agreement.

  -On page 6, ¶ 13 and on page 7, ¶ 14, the total loss to the bank is $22,567.

  -On page 7, ¶ 16, this paragraph should be changed and it should only include the language you mentioned in your voicemail message to me.

  -On page 10, ¶ 65, in accordance with U.S.S.G. § 3D1.4, five unit warrants a four level enhancement.

  -On page 10, ¶ 66, due to the above correction, the Combined Adjusted Offense Level is 29.

  -On page 11, ¶ 69, due to the above correction, the Total Offense Level is 26.

  -In the criminal history section of the PSR, the defense objects to any criminal history points

being assessed for the offenses alleged in paragraphs 96, 97, 98, 100, 102, 104 and 106 because these alleged offenses are not listed as convictions in the Pretrial Services Report and the defense is unaware of any evidence supporting the existence of such alleged convictions.

-Even if the information on page 20, ¶ 97, is true, no criminal history points are warranted because the instant offense commenced more than ten years after the conviction alleged in this paragraph. See U.S.S.G. § 4A1.2(e)(2).

-Even if the information on page 21, ¶ 98, is true, no criminal history points are warranted because the instant offense commenced more than ten years after the conviction alleged in this paragraph. See U.S.S.G. § 4A1.2(e)(2).

-Unless there is proof that Mr. Carter's time served sentence "was at least 60 days," he should be assessed one criminal history point. See U.S.S.G. § 4A1.1.

-On page 24, ¶ 108, due to the above criminal history objections, the criminal history score is 7.

-On page 24, ¶ 109, because Mr. Carter's supervision ended prior to the commencement of the instant offense, two points are not warranted pursuant to U.S.S.G. § 4A1.1(d).

-On page 24, ¶ 110, due to the above criminal history objections, the total criminal history score is 7 and Mr. Carter's Criminal History Category is IV.

-On page 30, ¶ 145, the PSR should note that Mr. Carter wants drug treatment while he is incarcerated.

-On page 33, ¶ 158, consistent with the above arguments, Mr. Carter's Total Offense Level is 26, his Criminal History Category is IV, and his sentencing guideline range is 92-115.

-On page 33, ¶ 159, the conduct omitted from the plea agreement does not constitute "relevant conduct."

-On page 35, ¶ 175, the PSR should note that the total amount of restitution owed by Mr. Carter is $22,567 and that Mr. Carter owes no restitution to Adams National Bank.

Thank you for your assistance.

Sincerely,

Tony W. Miles
Asst. Federal Public Defender

cc: ~~AUSA David Saybolt~~
Tim.